### James H. Brown v. Isaac D. Hazen.

Defendant promised a debtor of plaintiff to pay the debt on condition that the debtor would deliver defendant a certain cow. The promise was communicated to plaintiff, but without stating the condition. The cow was not delivered, but it was *held* that the failure to perform the condition would not discharge the promise to the plaintiff.

But the plaintiff not having discharged the debtor, and the promise not being upon any consideration moving from the plaintiff, and not in writing, is void by the Statute of Frauds.

*Submitted on briefs, April 17th.  Decided April 28th.*

Case made after judgment from Kent Circuit.

*H. B. Brown*, for plaintiff.

*Withey & Gray*, and *A. Russell*, for defendant.

CHRISTIANCY J.:

This is a case made after judgment, for a review upon the facts and the law. Brown sued Hazen in assumpsit, upon a promise to pay a note of one Van DerMade. The Court made a written finding of facts, and gave judgment for the defendant.

One William Van DerMade was a tenant of defendant, Hazen, working a farm on shares. He had borrowed

twenty-three dollars of plaintiff Brown, July 1, 1859, for which Brown took his note payable in sixty days, with a chattel mortgage upon his share of the crops and a cow, to secure the same. In September afterwards—but whether before or after the maturity of the note does not appear— the defendant Hazen wishing to get possession of the farm, a verbal agreement was made between him and Van DerMade, by which the latter was to relinquish or give up to the former his share of the crops, to surrender his lease and quit the farm; in consideration of which Hazen, among other things, agreed to pay Brown, on Van Der Made's note and mortgage, six dollars. Van DerMade, in pursuance of this agreement, commenced removing from the farm, when Brown came along, and being informed of the intended removal, told Van DerMade he must not leave the farm till his note and mortgage were paid. Van DerMade then commenced putting his things back in the house (and Brown went away), when Hazen came and inquired of Van DerMade what he was doing. Van Der-Made told him what Brown had said; and thereupon another or additional arrangement was made between Van DerMade and Hazen. Thus far there is no conflict of testimony; but upon the point what the second arrangement was, there is some conflict. After a careful examination of the evidence, however, we agree with the Court below, that, by the second agreement, Van DerMade, in addition to what he had by the first arrangement agreed to do, now further agreed to let Hazen have the cow upon which Brown held the mortgage, and Hazen agreed that, upon the delivery of the cow, he would pay Brown the balance of the note and mortgage. Both these arrangements seem to have been made the same day, and in the absence of Brown. Immediately after the second arrangement, while Van DerMade was driving out to the road with one load of his things, Brown returned, and both Van DerMade and Hazen told him that Hazen would pay Brown the note;

Hazen saying he was then short of money, but would pay it in a few days; to which Brown assented, saying he was good for it; and Van DerMade then left the place. Brown does not appear to have had any information of the nature of the arrangement between Van DerMade and Hazen, except that Hazen was to pay the note; nor was he informed that it was subject to the condition of the delivery of the cow to Hazen. The Circuit Judge found, as a fact, that this condition had not been performed, and upon this ground held the plaintiff was not entitled to recover. We agree with the Circuit Judge as to the fact. But as Brown had never been informed of such condition in the agreement, while the promise of Hazen to Brown was positive and unconditional, had the promise been a valid one upon which an action could have been maintained at all, the non-performance of the condition, we think, would have been no defense.

But there was no consideration for this promise moving from Brown; he paid nothing, relinquished no right; he merely assented to forego his opposition to Van Der Made's leaving Hazen's farm, which he had no shadow of right to prevent. He neither gave up the note or mortgage, nor discharged Van DerMade's liability as the debtor, nor his lien upon the cow under the mortgage. He still held the note and mortgage, and there is some evidence showing that he still claimed his lien upon the cow. Had these papers been given up, or the liability of Van DerMade extinguished at the time of Hazen's promise to pay the amount, and as a part of the same arrangement between all three of the parties, there would then have been a substitution of Hazen as the debtor in place of Van DerMade; and this would have constituted an original or substantive contract between Hazen and Brown, on which the latter might have maintained an action. But as the paper was not given up, nor the liability of Van DerMade extinguished, and he still continued

the debtor, and his property still subject to the mortgage, the promise of Brown was clearly collateral only — a promise "to answer for the debt or default" of Van Der Made, and as such clearly within the prohibition of the Statute of Frauds, unless in writing.

Upon this ground, therefore, we concur in the result with the Court below.

The judgment must be affirmed, with costs.

The other Justices concurred.