### John A. Turner v. Thomas McCarty.

*Privity of contract.* A covenant in the assignment of a contract, by which the assignee agrees to pay certain specified liabilities of the assignor under the contract, will not establish a contract relation between the assignee and a party to whom the assignor is indebted, so as to enable such party to maintain an action for such indebtedness against the assignee.—*Pipp v. Reynolds, 20 Mich., 88.*

*Heard January 11. Decided January 12.*

Error to Kent Circuit.

This was an action of *assumpsit,* brought by appeal from the judgment of a justice of the peace into the Circuit Court for the County of Kent, wherein Thomas McCarty was plaintiff and John A. Turner defendant. The plaintiff declared for work and labor performed by him for the contractor for street paving in the city of Grand Rapids. The defendant was the assignee of the original contractor with the city, and by the terms of the assignment to him he had agreed with his assignor to pay all sums of money due to persons for such labor as had been performed by the plaintiff. The cause was tried by the Circuit Judge without a jury, who found for the plaintiff, and the judgment entered thereon comes into this court by writ of error.

*J. W. Ransom,* for plaintiff in error.

*Hoyt & Gray,* for defendant in error.

TURNER *v.* MCCARTY.

CAMPBELL, CH. J.

Turner, having become assignee of a grading contract, and the former contractor having become liable to several persons whom he had employed in various capacities to work for him, executed, on the same paper which contained the assignment to him, the following article:

"I, John A. Turner, of the city of Grand Rapids, and state of Michigan, do hereby agree and bind myself to pay all sums of money due persons for labor heretofore performed on said street, on account of grading said street. The above word 'labor' is intended to apply to shovelers and teamsters only. J. A. TURNER. Grand Rapids, December 4, 1869."

Suit was brought by one of these laborers against Turner, and the defense, as presented by the exceptions, rested on the want of privity of contract between plaintiff and defendant.

The case falls directly within the principle of *Pipp v. Reynolds,* decided at the last April term. There was no contract relation between the parties to this suit. Turner was only bound to his assignor. The judgment must be reversed, with costs, and a new trial granted.

The other Justices concurred.