## William C. Lewis v. Luther Westover and another.

*Promissory notes : Partnership : Individual transactions : Novation.* Arrangements between one of a firm, on his individual account, and the maker of a note owned by the firm, that the former, in consideration of a sale to him by the latter of a lumber interest, should pay and take up the note, in the absence of any agreement by the firm to accept their partner as debtor in the place of the maker and endorser of the note, cannot operate as a novation, to discharge the maker and endorser of the note.

*Promissory notes : Partnership : Payment : Individual transactions.* The completion of such arrangements by the transfer of the lumber interest to the partner individually, in consideration of his individual agreement to pay and take up the note, in the absence of any substitution, release or change of securities so far as the firm were concerned, would not operate as payment of the note so as to wipe out the claim of the firm against the maker and endorser.

*Heard January 13. Decided January 27.*

Error to Bay Circuit.

*T. F. Shepard,* for plaintiff in error.

*W. Scofield* and *Marston, Hatch & Cooley,* for defendants in error.

GRAVES, CH. J.

On the 13th of August, 1872, the defendants in error, together with one William Westover and Descum Culver, were in co-partnership under the firm name of the Exchange Bank. At that time one George B. Whitman gave his note to the firm for two thousand dollars, payable in sixty days, and the plaintiff in error became endorser. The note fell due, and being unpaid, the plaintiff in error was duly charged as endorser.

On the 24th of October, 1872, Mr. Culver, then one of the firm, in his individual character and on his own account, purchased of Whitman, the maker of the note, a lumber interest for the consideration of six thousand eight hundred and fifty-one dollars and forty-five cents. On this occasion it was agreed between Whitman and Culver that the latter should, as part of the consideration for his individual purchase, pay and take up the two thousand-dollar note. The firm was not a party to this arrangement. Subsequently, Culver and William Westover retired, and relinquished their interest to the remaining members, the defendants in error. Culver did not pay the note, and Whitman became insolvent. The defendants in error sued the endorser to recover the debt of him. On the trial he claimed that the evidence went to show either a novation, or a virtual payment of the note, as a consequence of Culver's position, interest and arrangements, and the conduct of Luther Westover, the chief manager for the firm.

The circuit judge was, however, of opinion that the facts afforded no defense, and directed the jury accordingly; and in this we are inclined to think he was correct. On looking at the evidence and seeking to ascertain its tendency and import it seems to point merely to these results:

that Culver, on making his individual purchase, and on his own personal account, individually agreed with Whitman that he would pay part of the consideration by paying and taking up the note; that the firm was pleased with this plan, and hoped and expected that it would produce payment of the note; that they were ready to accept the money upon it from Culver, and anticipated payment by him, and permitted delay in the hope that he would pay; that still, however, they never accepted, or agreed to accept, Culver as debtor in the place of the maker and endorser, and never surrendered or waived their claim upon those parties; that Culver omitted to pay, and the maker and endorsed refused.

There was here no substitution of Culver in the place of Whitman and plaintiff in error as debtor to the firm, and carrying with it an extinguishment of the indebtment of these last named parties to the firm, and a satisfaction of so much of the consideration to be paid by Culver to Whitman for the lumber interest. There was consequently no novation. All the evidence tends to show that Culver's agreement with Whitman relative to the payment of the note was understood to be executory. The arrangement was that he *should* take it up, not that it was, *ipso facto, taken up.*

I am unable to perceive any ground for the position that the circumstances amounted to payment of the note. Whitman accepted Culver's agreement that he would pay it, as so much of the consideration of the trade, and the firm were pleased with the arrangement because it increased their chances of being paid. But the evidence falls short of showing any substitution, release, or change of security, so far as the firm are concerned. The defense rests at last on the arrangement made by Whitman with Culver when the latter was acting, and was understood as acting, in his individual capacity, and on his own behalf, and not as a member of the firm; and that dealing cannot be made to involve the firm and wipe out their claim. If it could,

then if Culver had given his individual paper to Whitman on his private and individual purchase, the firm might have been held for it.

I think the judgment should be affirmed, with costs.

CAMPBELL and COOLEY, JJ., concurred.

CHRISTIANCY, J., did not sit in this case.