## Smith Botsford and others v. David W. Kleinhans and another.

*Partnership : New firm: Separate dealings: Evidence.* Where a Pontiac firm had dealings with a Detroit house consisting of three partners, and afterwards with their successors (being two of the same persons), and their dealings were kept separate, it is not allowable in a suit against the old firm to inquire into their separate dealings with the new one.

*Evidence : Letters : Agency.* It was not error to receive in proof a letter admitted by one of the defendants, who was a witness, to have been written by a boy in their office on their letter blanks, where it was shown by the same witness that the boy sometimes wrote letters for the firm, and the witness could not state whether or not it was done by his authority. It was competent for the jury to act on such proof.

*Partnerships : New firm : Transfer of accounts.* The Pontiac firm could not be bound by any transfer of accounts between the old and new firms, of which they had not been informed.

*Evidence : Renewal note.* A renewal note given for one relating to old business, and paid by the Pontiac firm, was properly received in evidence, though endorsed by the new firm, as it did not belong to their transactions.

*Charge to the jury : Construction.* Charges must be construed in the light of the record and proofs, and will not be assumed incorrect, when supported by a fair interpretation of the case as tried before the jury, and where nothing is pointed out which could mislead them.

*Partnerships : New firm : Liability of old firm.* The liability of the old firm was not ended by dealing with the new one unless the liability of the latter was accepted in its place.

*Submitted on briefs April 29.    Decided May 12.*

Error to Oakland Circuit.

*Henry M. Cheever*, for plaintiffs in error.

*Baldwin & Jacokes* and *M. E. Crofoot*, for defendants in error.

CAMPBELL, J.

Kleinhans and Draper, who were produce dealers in Pontiac, sued the plaintiffs in error, who were commission merchants in Detroit, to recover damages for the sale of certain wheat sold against orders, and at a loss; and also to recover a balance of account.

After the consignments were made (which was in No-

vember, 1871, and January and February, 1872), and after most, but not all, of the wheat had been sold; and on the 12th day of February, 1872, Hibbard retired, and the Botsfords continued the business under an agreement and public notice, that they were to settle the accounts and collect the debts due to the firm.

Kleinhans and Draper continued their dealings with the new firm until May or June, 1872, but the accounts of the old and new business were kept entirely separate.

Accounts of sales were rendered from time to time, and drafts drawn on the Detroit firm. Among other dealings were some notes which Kleinhans and Draper sent to the latter to be discounted for them. The same course was pursued with the new firm.

The first error assigned is based on the refusal of the court below to allow certain drafts on the new firm to be introduced in evidence. It was admitted that they related entirely to this, and that a suit was pending between the new firm and the plaintiffs. The only reason given for the offer was that it was proper on cross-examination to test the recollection of the witness who was testifying; but that ground was abandoned in this court, and it was claimed they were relevant. We cannot see any reason for admitting them. They were not between the parties to this suit, and there was nothing shown or offered to be shown which could connect them with this controversy.

A similar objection was made to the exclusion of a question whether plaintiffs below had overdrawn their accounts with the new firm. That exclusion was proper for the same reasons.

Defendants also objected to the introduction of a certain letter purporting to be from the Detroit house, and written in their name by a boy in the office, in answer to a dispatch, and referring to sales. The objection was that there was no proof of authority to write it. Albert Botsford had sworn to the handwriting. Being asked, " Was it written by your authority?" he answered, " I cannot say whether it

was or not; I don't know how it was sent, or by whom; he, while so in our employ, sometimes wrote letters for the firm.    This letter is written upon letter paper with our printed heading, and used in our office at that time."

This evidence was sufficient to go to the jury on that question, and the letter was properly admitted.

The court, under objection, excluded evidence offered to show by the books of the new Detroit firm, that the accounts were transferred and continued without change after the dissolution.    It is stated in the bill of exceptions in this connection that no offer was made to show that plaintiffs below knew how the books were kept, or assented to such transfer.

No such course by the Detroit house could affect plaintiffs without their knowledge and consent or acquiescence. They had a right to assume that the business would be kept separate, and could not be bound by any unauthorized conduct of that kind, if it was had.

Objection was also made to the admission in evidence of a note of three thousand dollars paid by Kleinhans and Draper, dated in April, 1872, and payable to and endorsed by the new firm of S. & A. Botsford.

If this note related to the new business, it would have been objectionable.    But it was shown to have been given in renewal of a note sent and charged to the old firm in November, 1871, and the object of the proof was to show the correctness of that charge.    This made it clearly competent, as relating not to the new account, but to the old.

The remaining errors assigned refer to the charges.

We do not understand how any objection can lie to the first charge, which simply told the jury plaintiffs were entitled to such sum as the jury should find due them as the balance of account, with interest from the commencement of suit.    It is suggested that this gave them liberty to find a balance including more than the old firm's account.    But there is no force in this.    The whole course of the trial

had kept the new business out of sight, and it would be impossible to create any such confusion.

The second charge was in substance that plaintiffs might recover damages if the jury should find defendants received the wheat with instructions to hold it till May, and sold it contrary to such instructions, as charged in the special counts.

The exception is not in such a form as to indicate what it refers to. It is urged now that there is nothing in the special counts to show any such instructions as are mentioned in the charge, and also that there is no evidence to sustain it under a portion of the counts.

If applicable to any of the counts it would be admissible. The object of having different counts is to admit varying statements and avoid the risk of mistakes. The same evidence can rarely prove them all. And there was evidence in the case tending to prove the facts referred to, which the jury were bound to consider. The charge was not open to criticism on these grounds.

The court was also right in holding that the liability of the old firm was not ended unless the plaintiffs had agreed to accept the liability of the new firm in its place.

We find no error in the record, and the judgment must be affirmed, with costs.

CHRISTIANCY and COOLEY, JJ., concurred.

GRAVES, CH. J., did not sit in this case.