## David M. Halsted v. William H. Francis.

*Declaration: Common counts: Promise to another to pay his note to plaintiff.* Where one has promised the maker of a promissory note, for a consideration moving from the latter alone, to pay such note when due, the holder of the note cannot recover upon such promise on the common counts in *assumpsit.*

*Consideration: Promise to another to pay his note to plaintiff.* A promise to the maker of a promissory note, for a consideration moving from him alone, to pay his note to the holder when due, where the latter parts with nothing and the maker continues liable as before, is one without consideration as to such holder, and cannot be enforced by him.

*Promise to plaintiff to pay note of another: Collateral promise: Debt of another: Statute of frauds.* A promise to the holder to pay the promissory note of another at maturity is one which is collateral to such note, and is within the statute of frauds, as a promise to pay the debt of another.

*Heard October 27. Decided January 12.*

Error to Ingham Circuit.

*This was an action of assumpsit brought by Francis against Halsted.

The plaintiff declared specially upon an agreement substantially as follows: that the plaintiff being the owner of a promissory note executed by one William Rice, the defendant Halsted, in consideration of the sale and delivery

---

*This statement of the case was furnished by Judge Christiancy.

31 MICH.—15.

by said Rice to defendant of a horse, harness and buggy, undertook and promised said Rice to pay the said note to the plaintiff (Francis) and take up the same at maturity; and, "therefore" (it is alleged), "the defendant afterwards, on the same day, etc., in consideration of the premises, promised the plaintiff to pay him the amount to become due on the note," etc.

The declaration contained also the common counts. The plaintiff proved the agreement between defendant and Rice, and the consideration of that agreement, substantially as alleged. But the plaintiff was not present nor a party to the agreement. Evidence was however given tending to show that some time afterwards the defendant told the plaintiff of the agreement, and promised the plaintiff to pay him the note. The plaintiff, however, still continued to hold the note, and did not release Rice or give up his liability, nor pay or give to defendant any consideration for his promise to pay the plaintiff.

The court charged the jury that the plaintiff could not recover unless the evidence shows a promise (meaning, as the context shows, an express promise) by the defendant to the plaintiff whereby he promised to pay the plaintiff; but if the defendant made the agreement alleged with Rice, and upon the consideration alleged, and that the property was sold to Rice on the condition that defendant should pay the plaintiff the amount of Rice's note to the plaintiff, and that in consideration of that agreement the defendant made an express promise to the plaintiff to pay him the note, then this would take the case out of the statute of frauds, and the plaintiff would be entitled to recover.

The defendant excepted and the case comes to the supreme court on writ of error and bill of exceptions.

*Huntington & Henderson*, for plaintiff in error.

*W. H. Francis*, in person, and *M. V. Montgomery*, for defendant in error.

CHRISTIANCY, J.

If the plaintiff below was entitled to recover at all upon the evidence, it could only have been upon the special count upon the special contract declared upon. The evidence very clearly made no case for a recovery upon the common counts.

The only contract alleged and proved was a contract, between the defendant and Rice, to pay the note of the latter to the plaintiff, who was no party to that contract, who gave no consideration for, and was in no way bound by it. The only consideration paid was paid by Rice, and he was the only party to be injured by the breach of the contract. The plaintiff still retained the note and Rice's liability upon it.

He parted with nothing, and though defendant may afterwards have expressly promised the plaintiff to pay him, there was, as between him and the plaintiff, no consideration for *this* promise; and defendant, notwithstanding such promise to the plaintiff, was still liable to Rice, with whom his agreement was made, and from whom the only consideration was received. But if this consideration, received by the defendant from Rice for his promise to him, could be treated as sufficient to sustain in other respects the defendant's express promise to the plaintiff, this was clearly collateral only to the note of Rice to the plaintiff, which he continued to hold, and which he had the same right to enforce as if this collateral agreement had not been made. The defendant's promise to the plaintiff was therefore very clearly a promise to pay the debt of another, and within the statute of frauds. All the questions in this case have been several times decided by this court. As to the absence of all contract relation between the plaintiff and defendant,—see *Pipp v. Reynolds, 20 Mich., 88 ; Turner v. McCarty, 22 Mich., 265 ;*—and that the special promise to the plaintiff is collateral and within the statute of frauds,—

see *Brown v. Hazen, 11 Mich., 219; Hogsett v. Ellis, 17 Mich., 351;* and *Waldo v. Simonson, 18 Mich., 345.*

The judgment must be reversed, with costs, and a new trial awarded.

The other Justices concurred.