NATHAN B. HAYES ET AL. v. ANDREW KNOX.

*Substitution of debtor—Discharge of sureties.*

A firm cannot be released from its debts by any agreement with a stranger firm to which it sells out, that the latter shall pay the debts, unless the creditors accept the subrogation.

A creditor's delay in collecting his debt does not of itself discharge a surety where there is no binding agreement for delay.

Error to Ionia.  Submitted July 2.  Decided October 8.

ASSUMPSIT.  Defendants bring error.

*Mitchel & Pratt* for plaintiffs in error.  Where the maker of notes had offered to pay them, but by oral agreement retained the money on a new loan without receiving them, it was held in an action against him and his surety that this amounted to payment of the notes and discharged the surety, *Musgrave v. Glasgow*, 3 Ind., 31; where a creditor comes into possession of money or property of the principal debtor, which he might rightfully retain and appropriate to the satisfaction of his debt without violating any duty, and instead of retaining it suffers it to pass into the hands of the principal debtor,

41 MICH.—67.

the surety is to that extent discharged, *Perrine v. Fireman's Ins. Co.*, 22 Ala., 575; *Springer v. Toothaker*, 43 Me., 381; *Baker v. Briggs*, 8 Pick., 122; *Payne v. Com. Bank*, 6 Sm. & M., 24; *Richards v. Com.*, 40 Penn. St., 146; a valid agreement to delay payment, made between a creditor and the principal debtor without the surety's consent, discharges the surety, *F. & M. Bank v. Kercheval*, 2 Mich., 504; *Smith v. Shelden*, 35 Mich., 42; *Miller v. Stewart*, 9 Wheat., 680; *Lowman v. Yates*, 37 N. Y., 601.

*Lemuel Clute* for defendant in error.

CAMPBELL, C. J. Knox sued Nathan B. Hayes, Samuel W. Webber, and David R. Corey, who were formerly private bankers in Hubbardston, upon a certificate of deposit for $1,085.56, dated February 4, 1876, and drawing interest at 10 per cent.

The defense set up was that in the fall of 1876 Hayes and his associates sold out their banking business and assets to Edward B. Percival and H. E. Jackson, who agreed to take up this certificate, and that Knox agreed to look to them and extended the debt on new terms, and that the new firm became insolvent.

All the questions turned on this defense. Knox recovered judgment, and defendants below bring error.

The testimony for the defense tended, if believed by the jury, to show that the certificate in question was the last formal renewal of several successive certificates for the same deposit, the firm having been changed since the money was first paid in to the bank. Interest was paid or added to the principal first quarterly and afterwards every four months, and new certificates were given when the principal was increased. Percival and Jackson bought out the assets and agreed to pay all the debts, in September, 1876.

Percival testified to having some subsequent conversations with Knox, who was informed of the change of owners, in which he told the latter they would rather pay

the certificate than compound so often, and that it was proposed and acquiesced in that the interest should run six months instead of three or four, and also that Knox should give a few days' notice when he desired to draw large amounts.

Knox gave a somewhat different version of the conversations. The certificate was never given up and no proposal was ever made to have it given up or changed, and no distinct offer was ever made to pay it. There was no agreement to give up the liability of the makers, or to accept the new firm as debtors in their stead, except as it was claimed to result from these dealings. The payments made were endorsed on the certificate without reference to the names of the persons paying.

The court below made rulings under which the jury found in favor of Knox. The rulings complained of were substantially these:

First. That the agreement between the new firm and the old did not of itself discharge the old firm; neither did plaintiff's delay, believing the new firm were to pay it, discharge the old.

This is not the case of a partnership where some partners retire and others assume the debts and continue and obtain extensions by a new contract, as in *Smith v. Shelden*, 35 Mich., 42. Here the new firm were strangers to the old, and could not become debtors to Knox without his acceptance of the subrogation. *Hogsett v. Ellis*, 17 Mich., 351; *Brown v. Hazen*, 11 Mich., 219; *Meister v. Birney*, 24 Mich., 435; *Lewis v. Westover*, 29 Mich., 14; *Turner v. McCarty*, 22 Mich., 265; *Halsted v. Francis*, 31 Mich., 113; *Pratt v. Bates*, 40 Mich., 37; *Botsford v. Kleinhans*, 29 Mich., 332.

The court was right in charging therefore that the old liability was not ended by the assumption of the debt by the new firm, without further action. And delay alone, where there is no agreement for delay which would be binding, has never been held to discharge a surety,—still

less one who has not become any thing but a principal, as was the theory of this charge.

The court did charge expressly that if there was any positive agreement between Knox and the new firm that they were to retain the money on compound interest every six months, with a further agreement that if he wanted the deposit or any considerable sum he was to give a few days' notice, the old firm would be discharged.

And it was left to the jury under exception to determine whether there was or was not any positive agreement, they being further told that if there was simply a talk that if the money was left there then such and such payments should be made, but no agreement or promise by Knox that the money should remain any length of time, that would not affect the liability. And the court refused to instruct them that such an agreement was shown.

We have had some difficulty in finding any thing to go to the jury on any theory which would discharge the original debtors. But assuming there was evidence out of which the change in liability could be created, that evidence was not uncontradicted, and was very vague at best. We think the court allowed the defendants below all the benefit which they could reasonably claim from any possible state of facts, and that they had no ground for complaining of the manner of its submission. The jury found there was no agreement, and that finding was at least admissible under the evidence.

There is no error in the record, and the judgment must be affirmed with costs.

The other Justices concurred.