FREDERICK S. AYRES, JAMES S. AYRES AND EBENEZER R. AYRES v. CALEB H. GALLUP.

| 44 | 13 |
| 94 | 365 |
| 44 | 13 |
| f125 | 71 |

*Evidence of land sale—Contract relations—Plea of set-off.*

A sale of land is not made out by an entry on the books of the vendors and by their receipts for purchase money, where the land was not fully described and did not belong to them, and the actual owners only assented to the sale verbally.

A purchase of partnership assets and assumption of responsibility to outgoing partners does not bring the purchasers into contract relations with the firm's creditors so as to enable them to take advantage of a contract partly performed by it.

A claim of set-off made in a plea cannot establish a contract.

Error to Huron. Submitted April 28. Decided June 11.

ASSUMPSIT. Plaintiffs bring error. Reversed in part.

*James H. Hall* and *Atkinson & Atkinson* for plaintiffs in error.

*C. H. Gallup* in person for defendant in error. A memorandum of a land contract must state its substantial terms, except the consideration. *Palmer v. M. P. R. M. Co.* 32 Mich. 274; *Bailey v. Ogden* 3 Johns. 399; *Merritt. v. Clason* 12 Johns. 102; *First Baptist Church of Ithaca v. Bigelow* 16 Wend. 28; *Clason v. Bailey* 14 Johns. 486.

CAMPBELL, J. Plaintiffs sued defendant for an alleged balance due for purchase money of land sold him by a firm of Ayres, Learned & Ayres, to whose rights plaintiffs claim to have succeeded. On the trial below it was found that no legal contract of sale had been made, and the court rendered judgment in favor of defendant for the payments he had made, as paid without consideration. The case comes up on error.

The only evidence of any contract consisted of an entry in the books of Ayres, Learned & Co. and of two receipts for purchase money, signed by that firm. The land was not

fully described in either of these, and the firm did not own it. The owners verbally assented but no more. Under these circumstances it cannot be claimed any sale was made out: *Scott v. Bush* 26 Mich. 418. Plaintiffs do not now insist that any sale was made which was binding.

But the present plaintiffs are not the persons to whom Gallup paid his money, and the fact that they purchased the partnership assets and became responsible to the outgoing partners, does not bring them into contract relations with the creditors of that firm, and no dealings were ever had whereby Gallup accepted the new firm as his debtor in lieu of the old. A claim of set-off in a plea cannot constitute a contract. There was no foundation for a money judgment in his favor : *Pipp v. Reynolds* 20 Mich. 88; *Turner v. McCarty* 22 Mich. 265; *Hicks v. McGarry* 38 Mich. 667; *Hayes v. Knox* 41 Mich. 529; *Booth v. Connecticut Life Ins. Co.* 43 Mich. 299.

So much of the judgment as gives damages to Gallup must be reversed with costs. The remainder is affirmed. As the case will not go back, the costs of the court below in Gallup's favor may be set off against those granted to plaintiffs in this court.

The other Justices concurred.