JOHN G. SEAGER v. JAMES E. COOLEY.

*Contract right to land—Notice.*

Where parties claim conflicting descriptions of land under a common source of title, and one had a contract right and had entered into possession before the other purchased, but received his deed afterwards, he can maintain a bill to enjoin an action of ejectment brought by the other claimant.

Immediate possession and constant occupancy by one who holds under a land contract, operate as full notice of his rights under the contract, so far, at least, as concerns enclosed premises.

Rights conferred by a land contract cannot, as against one in full possession under it, be affected by errors of description whereby deeds from the same grantor to subsequent purchasers are made to cover portions of the same land.

Where a deed is given in pursuance of a land contract, it is presumed to secure and perpetuate all rights conferred by the contract, and an intermediate conflicting deed given by the same grantor has no priority.

Appeal from Saginaw. Submitted April 28. Decided June 11.

INJUNCTION to restrain an action of ejectment. Defendant appeals. Affirmed.

*Wm. H. Sweet* for complainant. The right to a disputed tract of land may be determined by the contract held by one of the parties at the time the other took his deed. *Morris v. Showerman* 2 Doug. (Mich.) 16; *Disbrow v. Jones*, Har. Ch. 48.

*H. H. Hoyt* for defendant. The right given by a contract is merged in that conveyed by the deed: *Young v. Camp* 1 Cow. 605; *Houghtaling v. Lewis* 10 Johns. 297; *Howes v. Barker* 3 Johns. 506; a description by metes and bounds controls though the quantity of land be incorrectly given: *Arden v. Thompson* 5 Cow. 371; *Butler v. Widger* 7 Cow. 723; *Mann v. Pearson* 2 Johns. 36; *Livingston v. Barringer* 15 Johns. 470; *Jackson v. Dieffendorf* 1 Cai. 473. Equity courts are not proper tribunals for trying conflicting titles: *Blackwood v. Van Vliet* 11 Mich. 252: unless the adverse claimant cannot be brought into a court of law: *Moran v. Palmer* 13 Mich. 367.

GRAVES, J. Cooley instituted an action of ejectment for a strip of land in Seager's possession, and the latter brought this bill for a decree declaratory of his rights and perpetually enjoining their infringement. The case was heard on pleadings and evidence, and the court granted relief. The defendant appealed.

November 29, 1858, John Gallagher conveyed to Casper

Loeher all the *south half* of out-lot forty-four of Glasby & Gallagher's addition to the village of East Saginaw, *except the east acre and a half.* This excepted parcel on the east side seems to have been previously bargained to one Franz or Frank Beier, to whom, as appears, it was conveyed by deed in 1860. February 5, 1859, and only a few months after he received his deed from Gallagher, Casper Loeher agreed in writing to sell and convey to complainant for a specified money consideration " one acre of land commencing on the corner between land owned by Frank Beier and Casper Loeher, in south half of out-lot forty-four and of sufficient width to make one acre, and being on the east part of land sold by John Gallagher to Casper Loeher." Loeher proceeded to stake out the west line of this parcel for the purpose of showing complainant where to make fence and what to occupy, and the latter at once entered into actual possession of the piece designated and put up a fence along the line marked by the stakes. On the east side a fence was already up on what was supposed to be the west line of the excepted parcel. These fences have been continued on the same sites ever since, and complainant has remained in the uninterrupted occupancy and possession of the middle enclosed parcel. Complainant entered under the contract and held under it exclusively until he received a deed. His possession and occupation for the whole period have been actual, open and notorious.

February 23d, 1860, Loeher executed to Charles T. Disbrow a warranty deed for the west acre and a half of the south half of out-lot forty-four, and the deed was recorded in August following; and on the *first* of January, 1861, Disbrow executed a deed to Shepherd Knapp for the same description, which was recorded. At the time when these deeds were given, complainant was still holding under his written agreement from Loeher, but on the 6th of March, 1861, and about two months after the deed from Disbrow to Knapp and about a year subsequent to Loeher's deed to Disbrow, the complainant received a deed from Loeher, which was intended to carry out and comply with Loeher's obliga-

tion under the written contract. The terms of description, however, as will be seen, were made less accurate than the written agreement, and were not sufficiently precise by themselves to absolutely foreclose controversy. The description is as follows: " One acre of land in the south half of out-lot forty-four in Glasby and Gallagher's addition, lying between land owned by Franz Beier and *Charles J. Disbrow*, having a front of five rods on Lapeer street and running back to the division line east and west enough to make one acre of land more or less."

Subsequent to this deed from Loeher to complainant the defendant Cooley received a deed from Shepherd Knapp containing the same description as the deed to Disbrow, and calling for the west acre and a half.

In June, 1875, a survey was made, and it was then ascertained that neither of the three parcels as actually enclosed and occupied contained as much land as the terms of the papers called for, and that the center parcel in complainant's possession, instead of being an acre, was only 79-100 of an acre. Immediately the defendant claimed in substance that as the deed to Disbrow, his predecessor in title, called for a full acre and a half, and was the prior deed from Loeher, the common source of the title of complainant and defendant, he was absolutely entitled as against complainant to that quantity and as a consequence had lawful right to a sufficient strip from the west side of complainant's enclosure to make up the full west acre and a half. He accordingly brought his ejectment, as before mentioned, for the strip referred to.

The point is made that the bill is wanting in equity on the ground that complainant's case might have been used as defense in the ejectment.

The position is not tenable. The decision there must have been in favor of the superior legal title, and that seems to have been in Cooley. His claim is under Loeher, the common source of title, and through a deed from him prior to that held by complainant, and such priority implies a legal preference in the competition between the parties for quantity.

44 Mich.—2

That being the case, the only chance left to complainant was to establish that this apparent legal advantage was actually subject to a controlling equity in his favor, and this is the ground he takes. He shows that the making use of the earlier date of the grant to Disbrow from Loeher, the source of all the titles, in order to divest him of a part of what Loeher sold him and a part of his actual holding, is inequitable and ought not to be allowed. His contract entitled him to a full acre next to the excepted parcel. It was the first sale made by Loeher, and preceded by a considerable time the sale to Disbrow. In virtue of it complainant became equitable owner. His immediate and constant occupancy and possession operated as full notice of his rights so far, at all events, as the premises within the enclosure are concerned : *Rood v. Chapin,* Walk. Ch. 79; *Godfroy v. Disbrow,* id. 260; *Russell v. Sweezey* 22 Mich. 235. His holding was under the contract, not only when Loeher deeded to Disbrow but also when Disbrow deeded to Knapp. The right under that chain of conveyance was therefore fixed during such holding, and it could not be more extensive than complainant's contract rights permitted. The latter necessarily gave bounds to the former, and there is no room for argument that, as against complainant, the right under the Disbrow deed has grown larger. On the whole, it appears to me that the case is within the principle of *Boyce v. Danz* 29 Mich. 146, and the cases there cited.

It is next contended that the grant by deed to complainant executed the contract and put an end to its operation, and that the deed itself, by force of its terms, confines complainant to whatever space there happens to be between the excepted parcel on the east and an acre and a half on the west. Only a few words will be given to this objection. The deed was given to carry out the contract, and not to abridge any of the rights it was made to secure. Such, at least, is the fair inference, inasmuch as all the evidence tends that way and there is nothing to the contrary.

The defendant holds with notice that his title was created in subordination to complainant's right to the strip sued for

and within his enclosure, and the deed is certainly open to an interpretation which will cover it.    *White v. Luning* 93 U. S. 514.

The case contains references to tax titles, but defendant has wisely discarded them.    They appear invalid and are certainly of no consequence whatever in this contention.    It may be that the form of relief which the court decreed is not the most appropriate, but if so it is because something more salutary might have been allowed.    But the defendant has no cause to complain and the complainant has not appealed.

I think the decree should be affirmed with costs.

The other Justices concurred.