CONRAD FAY v. WALTER SANDERSON AND CYRUS JOHNSTON.

*Action for money had to plaintiff's use.*

A married woman having a mortgage upon which there was due principal and interest, gave to her husband the interest which was due and put the mortgage into his hands. The mortgagor exchanged the mortgaged lands for others under an agreement whereby he was to pay off the interest. He deeded the lands, and at the same time paid the grantees the interest on their promise to hand it over to the husband. The grantees, having failed to pay it, *held,* that the husband might maintain an action against them for money received to his use.

The wife subsequently purchased the lands subject to the mortgage except as to this interest, and then discharged the mortgage of record. *Held,* that this did not affect the husband's right of action.

Error to Wayne. Submitted Apr. 14. Decided Apr. 25.

ASSUMPSIT. Defendants bring error. Affirmed.

*C. F. & C. M. Burton* for appellants.

*Chas. M. Swift* for appellee.

COOLEY, J. The plaintiff in this case recovered judgment on evidence tending to establish the following state of facts:

In September, 1878, one Reimer owned certain real estate in the city of Detroit, which was encumbered by a mortgage to Catharine Fay, the plaintiff's wife, for $600, on which interest had accrued to the amount of $126. Sanderson and Johnston were then in business together as dealers in real estate, and they or one of them owned a parcel of real estate in Nankin. Between them and Reimer an exchange was made, by the terms of which it was agreed that Reimer should pay $400 on Catharine Fay's mortgage, besides the interest due, and that defendant should take the place subject to the remainder. Previous to this, Catharine Fay had given to her husband this unpaid interest money,

and he held the mortgage, and it was understood in the trade that the sum should be paid to him. When the papers were exchanged between Reimer and the defendants, Reimer told them he would pay the interest money to plaintiff, but defendants insisted it should be paid to them and they would pay it over. Accordingly he paid it to them, both being present; and he also paid them $400 on the principal. For the payment of the principal Catharine Fay had agreed to wait, and it was not expected that what Reimer paid to defendants towards the principal was to be then paid over.

From other evidence in the case it appeared that plaintiff had no assignment of the mortgage, or of any sum due or to become due upon it, and as between himself and his wife there was merely a verbal gift of the interest. Reimer's deed named defendant Sanderson as grantee, who a few days later conveyed the land to Johnston subject to the mortgage "and the interest due on this sum to this date." Johnston the next May conveyed to Sarah M. Armstrong, and she in December following conveyed to Catharine Fay, "subject to a mortgage made by Frederick Reimer and wife to Catharine Fay for six hundred dollars with the interest from the third day of October, 1878." These constitute the material facts in the case. The conveyance to Catharine Fay of course operated as a merger of the mortgage, and she afterwards entered a formal discharge of record.

The question whether defendants were partners in the transaction was fairly submitted to the jury, and no comment upon it is required here. The point of contention is, whether plaintiff, by the verbal gift of his wife and the promise of the defendants when they received the money from Reimer, became entitled to demand and receive from them the moneys so paid. We think he did.

This is not a suit upon a promise made to one party for the benefit of another, and the questions which were passed upon in *Pipp v. Reynolds* 20 Mich. 92, do not therefore arise. It is a suit by one to recover money which has been paid expressly for his use, and which the party recovering it

undertook to pay over to him. No question under the statute of frauds arises, as in the case of *Halsted v. Francis* 31 Mich. 113. Nor is there any question of the substitution of one contract for another. It was not contemplated that any new contract should exist; money was merely paid to the defendants to be paid to the plaintiff; and if plaintiff had a right to receive it, the fact that there was a contract in the case in which another party was concerned, and upon which the money when received would operate as a payment, does not appear to be of importance. We may concede that the promise of defendants, in case they had taken the land subject to both principal and interest, that they would pay the interest to a party not holding the legal title to the mortgage, would be ineffectual, but that would be another case from this case, for in this case the plaintiff has not entered or proposed to enter into contract relations with the defendants, and he merely demands that they shall pay over to him moneys confided to them for him. The case is ruled by *Catlin v. Birchard* 13 Mich. 110. It is urged that the payment would not have protected the defendants against a suit by Mrs. Fay to recover the same sum; but this is a mistake. Her parol gift, whether effectual in law or not, was at least sufficient authority for plaintiff to receive the payment; and not only did defendants subsequently deal with plaintiff on the supposition of his being the owner, but Catharine Fay in purchasing the land treated the interest moneys of which she had made a gift to her husband as being no longer secured by the mortgage.

No error appears in the record, and the judgment is affirmed with costs.

The other Justices concurred.