DARLING *v.* RUTHERFORD.

Novation—Copartnership—Succession.

> A novation is not effected where a new firm agrees to pay the
> debts of an old firm, which it succeeds, except as to those
> creditors who accept the new firm as debtor in lieu of the old.

Error to Newaygo; Palmer, J. Submitted October 4,
1900. Decided October 31, 1900.

*Assumpsit* by James H. Darling and Frank H. Smith,
copartners as Darling & Smith, against Robert W.
Rutherford and Ed. Misner, copartners as Rutherford &
Misner, for goods sold and delivered. From a judgment
for plaintiffs, defendants bring error. Reversed.

*A. F. Tibbitts*, for appellants.

*W. D. Leonardson*, for appellees.

Hooker, J. Darling and Smith, plaintiffs, recovered
a judgment against Rutherford and Ed. Misner, defend-
ants, in *assumpsit*. The case is here upon error, at the
instance of the defendants. It seems to be conceded that
the case hinges upon an item in the plaintiffs' account for
goods sent to Plowman & Tibbitts, the last item of which
was furnished two years before the defendants began
business, at a time when Rutherford and one Eugene Mis-
ner were doing business as copartners. At that time
goods were furnished to Plowman & Tibbitts by the plain-
tiffs, upon request of the defendants, but the parties dis-
agree as to the terms upon which they were furnished;
plaintiffs claiming that they refused to give credit to
Plowman & Tibbitts, and that it was agreed that the
credit should be given to Rutherford & Misner, while
defendants assert that the older firm of Rutherford &
Misner agreed to pay for them only when they should
receive payment from Plowman & Tibbitts. About two
years after the last item was furnished, Ed. Misner bought

the interest of Eugene Misner in the copartnership business, and entered into copartnership with Rutherford, and the new firm thenceforth conducted the business, and had dealings with the plaintiffs. Apparently there should be a balance in favor of the defendants, unless the Plowman & Tibbitts item is a proper charge against the new firm. The court left the question to the jury, who found a verdict for the plaintiffs.

It is beyond dispute that Ed. Misner was not a party to the original contract, and that the only theory upon which he can be held liable is that he assumed the liability of Eugene Misner for a valid consideration. But, even if he did so, he did not thereby become liable to these plaintiffs, who were in no way parties to that transaction. There is not a suspicion of evidence tending to show novation to be found in the record. See T. Pars. Partn. § 337, citing *Ex parte Williams*, Buck, 13, and other cases. A similar question was discussed by Chief Justice CAMPBELL in *Hayes* v. *Knox*, 41 Mich. 531 (2 N. W. 670). He said: "The new firm were strangers to the old, and could not become debtors to Knox without his acceptance of the subrogation." The same learned jurist used similar language in the case of *Ayres* v. *Gallup*, 44 Mich. 14 (5 N. W. 1072). He said:

"But the present plaintiffs are not the persons to whom Gallup paid his money, and the fact that they purchased the partnership assets, and became responsible to the outgoing partners, does not bring them into contract relations with the creditors of that firm, and no dealings were ever had whereby Gallup accepted the new firm as his debtor in lieu of the old."

In this view of the case, it was error for the court to instruct the jury that, "in order to find for the defendants, they must find that the new firm did not accept the obligations of the old firm." Something more than an agreement between the old and the new firms was necessary to create a liability in favor of plaintiffs.

The judgment is reversed, and a new trial ordered.

The other Justices concurred.