Fred A. CARDINAL and Gloria M. Cardinal, Plaintiffs–Appellees,

v.

UNITED STATES of America, Defendant–Appellant.

No. 93–1588.

United States Court of Appeals, Sixth Circuit.

Argued May 5, 1994.

Decided June 15, 1994.

---

**3.** We note that the district court itself granted EEOC the right to petition for access to addition- al records. *See* n. 2.

Michael A. Stevenson (argued and briefed), Mark J. Hotz, United Autoworkers GM Legal Services Plan, Pontiac, MI, for plaintiffs–appellees.

Francis L. Zebot, Asst. U.S. Atty., Office of the U.S. Atty., Detroit, MI, Michael W. Davis, Gary R. Allen, Acting Chief (briefed), Richard Farber, David English Carmack (briefed), William S. Estabrook (argued), John A. Nolet, U.S. Dept. of Justice, Appellate Section Tax Div., Washington, DC, for defendant–appellant.

Before: JONES, RYAN, and BATCHELDER, Circuit Judges.

RYAN, Circuit Judge.

What is the proper measure of a taxpayer's interest in real property purchased under a land contract for purposes of assessing the value of a federal tax lien? The district court held that the taxpayers' interest in the real property was limited to the amount the taxpayer had paid under the contract, 817 F.Supp. 647. We disagree and reverse.

Federal law governs the priority of a tax lien relative to other claims to property. *Aquilino v. United States,* 363 U.S. 509, 513–14, 80 S.Ct. 1277, 1280–81, 4 L.Ed.2d 1365 (1960). However, state law generally determines what constitutes a property interest to which a federal tax lien may attach. *United States v. Brosnan,* 363 U.S. 237, 240, 80 S.Ct. 1108, 1110–11, 4 L.Ed.2d 1192 (1960); *Vereyken v. Annie's Place, Inc.,* 964 F.2d 593, 594 (6th Cir.1992); *United States v. Big Value Supermarkets, Inc.,* 898 F.2d 493, 496 (6th Cir.1990). Michigan recognizes a vendee's equitable interest under a land contract for the purchase of real property as an interest to which a federal tax lien may attach. *Vereyken,* 964 F.2d at 594. Under Michigan law, a vendee under a land contract takes equitable title to the land, while the vendor holds legal title and an equitable lien on the land in the amount of the unpaid purchase price. *Barker v. Klingler,* 302 Mich. 282, 4 N.W.2d 596, 599 (1942). The tax lien attaches to whatever equity interest the taxpayer has in the property. The value of the equity interest depends on the fair market value of the property, *cf. Big Value Supermarkets,* 898 F.2d at 497, and is measured by reducing the fair market value of the property by the amount due on the land contract and any liens superior to the federal tax lien, *e.g.,* local tax liens.[1]

Therefore, we **REVERSE** and **REMAND** the case to the district court to make factual findings on the fair market value of the property in 1988, and to recompute the federal tax lien in light of our conclusion that the vendee's equitable interest is determined by reducing the fair market value of the real property by the amount of the vendor's lien and any other liens superior to the federal tax lien.

---

1. Local tax liens have priority over federal tax liens. I.R.C. § 6323(b)(6); Mich. Stat. Ann. § 7.104.