## Sidney D. Miller v. Jonathan Thompson and another.

*Fraud: Laches.*  Where one has made payments of interest upon a mortgage which by deed to him he has assumed to pay, and has made no complaint for a year and a half, he will not be heard to urge in defense to the clause in the deed whereby he assumed such mortgage, that it was fraudulently inserted in the deed.

*Deeds: Agreement to assume and pay a mortgage: Personal liability: Foreclosures.*  One who in the purchase of land has had deducted from the purchase price the amount of certain mortgages, and has taken a deed providing that he shall assume and pay such mortgages, is personally liable to the mortgagee to pay the same; and such personal liability may properly be enforced in a suit to foreclose the mortgage.

*Agreement to assume and pay mortgages: Defenses: Validity of mortgages: Amount.*  A grantee who has accepted such a deed cannot dispute either the legal execution of the mortgages or the amount thereof as specified in the proviso of the deed; such an arrangement is equivalent to a direction from the grantor to the grantee to pay so much of the purchase price to the mortgagee, and the grantee is liable to pay the amount he undertakes to, and no more and no less.

*Foreclosure bill: Mortgagor: Parties.*  The mortgagor in such a case is not a necessary party to the foreclosure suit, where no relief is sought against him personally.

*Equity pleading and practice: Want of parties: Objection at the hearing.*  An objection for want of parties, when not taken by any pleading, but raised for the first time at the hearing, will not prevail unless the defect be one that precludes a decree that will do justice as between the parties and fully determine the controversy.

*Grantee assuming and agreeing to pay mortgage: Novation.*  No novation is required, in case of such a deed, to substitute the grantee as the debtor, at the election of the mortgagee, in the place of the mortgagor.

*Heard April 7.    Decided April 18.*

Appeal in Chancery from Superior Court of Detroit.

*John H. Bissell* and *William P. Wells,* for complainant.

*A. J. Chapman, H. M. Cheever* and *F. A. Baker,* for defendants.

COOLEY, CH. J:

The bill in this case was filed to foreclose two mortgages given by Sackfield Macklin upon lands subsequently sold by him to the defendant Thompson.   The deed to Thompson was the usual warranty deed with the following clause added

at the conclusion: "Excepting, however, as against two certain mortgages held by Sidney D. Miller, of Detroit, amounting to six thousand dollars, as of this date, which mortgages the party of the second part assumes and agrees to pay." One of these mortgages had previously by mistake been discharged of record, and the bill sought to have this discharge set aside, and prayed a personal decree against Thompson for the amount found due.

Thompson, by his answer, set up fraud in the insertion in the deed from Macklin to himself of the clause by which he was made chargeable with the payment of the mortgages. He also denied the legal execution of the mortgages, denied that so much was due upon them as was recited in the Macklin deed, and relied upon the discharge of record, which, as has been stated, had been entered as to one of them. In the argument in this court he relied also upon the following points: *First*, that complainant was not entitled to a personal decree against him because the facts made out no novation which would substitute him as the debtor in place of Macklin; *Second*, the bill was fatally defective because the mortgagor was not made a party.

The allegation of fraud is not sustained by the evidence. The preponderance of testimony is clearly against it, and Thompson's own conduct after he admits being aware of the exact terms of the deed was inconsistent with the defense he now sets up. He made no complaint for a year and a half, making in the meantime payments of interest on the mortgage in full recognition of the whole amount which the deed made chargeable upon him. Nor is Thompson in position to dispute either the legal execution of the mortgages or the amount which Macklin by his deed admits was at that date due and payable upon them. It clearly appears that Thompson in purchasing of Macklin was allowed for the six thousand dollars as a part of the purchase price which was to be paid by him, and the effect of the arrangement was, that Macklin ordered it to be paid to Miller. Thompson has consequently no concern with the question of

MILLER *v.* THOMPSON.

the legal execution of the mortgages, or with the amount due. He is simply called upon to pay the purchase price in the manner agreed upon between Macklin and himself. If Macklin had legal defenses to the mortgages, he waives them in this arrangement, and if he directs more to be paid to Miller than is actually due, that fact concerns no one but Miller and himself. Thompson should pay what he agreed to pay, no more and no less.

Various objections are made to the allegations in the bill, and to the supposed failure to support them by the evidence. We do not notice these in detail, because we are satisfied they demand a higher degree of accuracy and particularity in chancery pleading than is required by the practice or by any rules of convenience. It is sufficient to say, that the substantial allegations of the bill are all supported by the evidence, and that they are sufficient to warrant the decree which was rendered.

It would have been very proper to make Macklin a party defendant, but it was not absolutely necessary. No relief was sought against him, nor could any decree be rendered that would injuriously affect his interests. It is true that he may have deductions or claims that he would be entitled to have allowed to him if he were proceeded against on the mortgage debt, but he certainly cannot complain if Miller collects of his vendee the sum that in the sale he has directed the latter to pay over to Miller. If this overpays Miller, Macklin may call upon him to account; but the decree in this case will protect Thompson, and that is all he can insist upon. It is to be observed, also, that the objection for want of parties was not taken by any pleading, but for the first time at the hearing. At that stage of the case any defect that does not preclude a decree that does justice as between the parties and fully determines the controversy as between them, should be overlooked.—*Payne v. Avery, 21 Mich., 524.* But if the objection had been taken by pleading, it would not have been available.—*Swift v. Edson, 5 Conn., 531; Shaw v. Hoadley, 8 Blackf., 165.*

MILLER v. THOMPSON.

The objection that there was no such novation as made Thompson the debtor instead of Macklin was also unavailable. It was not essential there should be a novation; it was sufficient that Thompson, as between himself and Macklin, had agreed to pay the mortgage. That agreement brings the case within the equity of the statute which provides that "if the mortgage debt be secured by the obligation or other evidence of debt of any other person besides the mortgagor, the complainant may make such person a party to the bill, and the court may decree payment of the balance of such debt remaining unsatisfied, after a sale of the mortgaged premises, as well against such other persons as the mortgagor, and may enforce such decree as in other cases."—*Comp. L. 1871,* § *5150;* see *Crawford v. Edwards, 33 Mich., 354.*

The decree, which was entered in favor of complainant, must be affirmed, with costs of this court.

The other Justices concurred.