Marston, J.:
The bill of complaint was filed in this case to foreclose a mortgage dated July 28, 1871, executed by John Whitmore and Hattie L., his wife, to complainant to secure the payment of thirteen hundred and fifty dollars.
On the 8th day of April, 1872, Whitmore and wife by warranty deed conveyed the mortgaged premises to Charles W. Cadwallader, subject to this mortgage. The consideration, as expressed in this deed, was twenty-four hundred dollars, and *95 Oadwallader therein agreed and assumed to pay, as part of the consideration, the mortgage in question. The evidence shows that at the time of this conveyance Oadwallader paid Whit-more ten hundred and fifty dollars of the agreed consideration, retaining thirteen hundred and fifty dollars, the amount of the mortgage, with which to pay the same.
At the time this mortgage and deed were given, John Whit-more only owned an undivided one-fourth interest in *the premises, which title he derived through one of the heirs of Luna Cook, deceased. Hattie L. Whitmore, his wife, was also one of the heirs of Luna Cook, and as such was the owner of another undivided one-fourth. The deed by them to Oadwallader, and the mortgage by them to comjdainant, were in form a conveyance of the entire title to the premises, and in the mortgage they covenanted that they were well seized of the premises in fee simple, and that they would warrant and defend them, etc. Oadwallader paid the interest as it became due upon this mortgage. Some time in January, 1874, he ascertained that his title to the premises was defective, and in February of the same year he procured quit-claim deeds from the remaining heirs of Luna Cook, thus perfecting his title to the premises. In July following he paid another installment of interest falling due upon the mortgage. The decree of the court below was in form against the entire premises. There was no personal decree against Oadwallader. From this decree he appeals, claiming that only the interest which he acquired from Whitmore and wife, under his deed from them, can be affected by these proceedings, and that the interest which he acquired from the other heirs is exempt from tbe burthen of the mortgage in question. •
Oadwallader accepted of a deed of these lands from the mortgagors, in which he assumed and agreed to pay this mortgage, and, according to agreement, retained in his hands sufficient of the consideration for that purpose. He took the land subject to the payment of this incumbrance, and also bound himself personally to pay the amount.— Crawford v. Edwards, 33 Mich., 354, and Miller v. Thompson, 34 Mich., 10.
lie now claims that on account of Whitmore and wife’s de *96 fective title at the time of the conveyance, he would have a remedy against them upon the covenants of warranty contained in the deed to him from them, and that the mortgage did not cover the title not held by them at the time it was given. It clearly appears from the evidence *that he obtained conveyances from the other heirs because of the conveyance he had from Whitmore, and the representations made by him or his agent on the strength of that conveyance, and that he only paid seven dollars for the deeds obtained by him from the other heirs. In an action, therefore, for breach of the covenants of warranty, the amount he would be entitled to recover would be but small, and we do not see anything in that fact which would make it inequitable to hold the entire premises subject to the payment of the mortgage, as in form they were liable under the mortgage, and in the deed he received. The decree in this respect was not any broader than the mortgage, or deed to Cad wall ader, and there is nothing in it, therefore, of which appellant is entitled to complain. It must therefore be affirmed, with costs.
The other justices concurred.