FRANCES A. HICKS v. ROBERT McGARRY.

*Assumpsit does not lie on a covenant to a third person.*

Assumpsit on a covenant or agreement does not lie in behalf of one who was not a party to it.

A cannot base an action at law against B merely on B's promise to C to pay C's debt to A.

Where a deed conveys premises subject to a mortgage which is included in the purchase money and which it identifies, the mortgagee on foreclosure may be so far subrogated to the mortgager as to have the benefit of the obligation to pay it, which the grantee has assumed.

Error to Genesee. Submitted April 10. Decided April 16.

ASSUMPSIT. Plaintiff brings error.

*A. U. Wood* for plaintiff in error, cited *Lawrence v. Fox,* 20 N. Y., 268; *Burr v. Beers,* 24 N. Y., 178.

*J. L. Topping* for defendant in error.

CAMPBELL, C. J. Plaintiff sued defendant before a justice upon an implied covenant in a deed, and

obtained judgment which was reversed on certiorari. She brings error on the reversal.

Plaintiff held a mortgage in her own name against Robert Le Roy and wife, who conveyed the mortgaged premises to McGarry by deed with the following clause: "The above premises are conveyed subject to a mortgage given by the parties of the first part to Austin Wakeman for the sum of six hundred dollars, which the said party of the second part assumes and agrees to pay."

There was no mortgage given to or ever held by Wakeman, but he had acted for plaintiff in collecting money on her mortgage. The mortgage was foreclosed by advertisement, and a balance remained unpaid, for which this suit was brought.

If this deed had properly referred to the mortgage, so as to identify it, we have held that in a foreclosure proceeding in equity, the mortgagee might, where as in this case the mortgage was included in the purchase money, be so far subrogated to the mortgagor as to have the benefit of such an obligation. The reasons for this are peculiar to equity and are explained in *Crawford v. Edwards*, 33 Mich., 354, and *Miller v. Thompson*, 34 Mich., 10. The case of *Higman v. Stewart*, ante, p. 513, decided at this term, shows what conditions must exist to uphold a decree for such a liability.

But we have held in *Pipp v. Reynolds*, 20 Mich., 88, and *Turner v. McCarty*, 22 Mich., 265, that no action at law will lie by a third person against a promisor who has promised to pay an obligation from a debtor of such person, but who has had no dealings with the creditor. McGarry was only responsible immediately to Le Roy his grantor, and the equities cannot be worked out in an action at law by the mortgagee against him alone. He never made any contract with plaintiff even assuming that she identifies herself with the mortgage, and cannot, therefore be sued by her in

assumpsit or covenant upon an agreement to which she was no party.

The judgment must be affirmed with costs.

The other Justices concurred.