43   299
124   69
124   70

## CHARLES H. BOOTH, ASSIGNEE v. CONNECTICUT MUTUAL LIFE INSURANCE COMPANY ET AL.

*Promise to pay mortgage—Personal liability on foreclosure—Distribution by assignee.*

The mortgagee of land cannot enforce a promise to pay the mortgage, made to the mortgager by the latter's grantee, because it is a promise to a third person.

One who has bought mortgaged property and promised to pay the mortgage, is made a defendant in foreclosure in order to enforce the equity by subrogation, and *it seems* that he is in turn subrogated to any collateral securities held by the mortgagee.

A personal decree cannot be made in one jurisdiction against parties living in another and not personally served or not voluntarily appearing.

One who gives a mortgage to secure the payment of his own liabilities, is personally and directly liable at law, and the demand may be enforced against him by suit in any jurisdiction where service can be had; but one who has only purchased mortgaged land subject to the encumbrance is not personally liable, though if he has promised to pay the mortgage he may be made a defendant in foreclosure if he can be found in the jurisdiction where the land lies, and a decree may be rendered against him for any deficiency after sale.

Where an assignee for the benefit of creditors filed a bill in good faith to settle a question which related to the disposition of the fund in his hands, and fairly admitted of some doubt, he was allowed in making up his accounts to credit himself with the costs and his necessary expenditure in the suit.

The assignee of a debtor should distribute·the fund realized from the estate without regard to a claim for which his assignor was not personally liable, such as a debt secured by a mortgage on lands which the assignor had purchased subject to the encumbrance.

Appeal from Kalamazoo. Submitted January 16. Decided April 21.

BILL to determine the amount of defendant's claim against complainant's assignors, Benj. M. Austin and Wm. A. Tomlinson, so that the assignee may pay defendant a dividend out of the funds which he holds. The bill sets forth that James S. Kendell of Chicago having mortgaged certain property in that city, sold it subject to the encumbrances thereon to Benj. M. Austin, who afterwards deeded the premises to his partner Wm. A. Tomlinson, subject to an undivided half of the encumbrances. The firm of Austin & Tomlinson becoming insolvent made a general assignment of their firm and individual property, providing that the firm property should be applied to the payment of partnership debts, and the individual property to the payment of individual debts and of what might be left unpaid of the firm debts, and if there should not be enough to pay both, to the payment pro rata. The bill was dismissed on general demurrer and complainant appeals.

*Dallas Boudeman* for complainant. A trustee who has a reasonable doubt as to the proper disposition of funds in his hands can apply to a court of equity for directions, making those interested, parties to the proceeding, Burrill on Assignments § 460; *Dimmock v. Bixby* 20 Pick. 368; *Hayden v. Marmaduke* 19 Mo. 403; *Wheeler v. Perry* 18 N. H. 307; *Vanness v. Jacobus* 17 N. J. Eq. 153; *Wiswell v. First Cong. Church* 14 Ohio St. 31; *Trotter v. Blocker* 6 Port. (Ala.) 269; *Jones v. Stockett* 2 Bland (Md.) 409; *Treadwell v. Cordis* 5 Gray 341; the only action which a mortgagee can maintain against a grantee who promises to pay the mortgage is by making him a party to the foreclosure proceedings and obtaining a decree against him for the payment of any deficiency, 1 Jones Mortgages §§ 749-755; *Taylor v. Whitmore* 35 Mich. 97.

*Moore, Canfield & Warner* for defendants. A trustee

.can apply to a court for instructions only by bill of inter-
pleader, Adams Eq. (6th ed.) § 205; *Houghton v. Kendall*
7 Allen 72; 1 Redf. Wills 492; *Lincoln v. Railroad
Company* 24 Vt. 689; and he must show the application
.to be necessary, *Treadwell v. Manufacturing Company* 7
Gray 393; .all persons setting up adverse interests should
be made parties to the bill, *Barker v. Swain* 4 Jones Eq.
220; 2 Dan. Ch. Pl. 1560–72.

COOLEY, J.   If Austin & Tomlinson, the assignors of
complainant, had themselves mortgaged the lands to
defendant to secure the payment of their own liabilities,
the questions arising would in our opinion be very dif-
ferent from what they are now.   They would then have
been liable at law personally and directly, and the demand
might have been enforced against them by suit in any
jurisdiction where service could have been obtained.

But these assignors have incurred a liability only as
purchasers of the mortgaged lands, subject to the pay-
ment by them of the encumbrances.   They have never
assumed any obligation to defendant, and if the implied
undertaking arising from the acceptance of their deeds
is to be treated as a promise on their part to pay the
mortgagee, it is nevertheless a promise on which no suit
by defendant can be maintained, because it is a prom-
ise not made to defendant but to third persons.   *Pipp v.
Reynolds* 20 Mich. 88; *Turner v. McCarty* 22 Mich. 265;
*Hicks v. McGarry* 38 Mich. 667.

It is nevertheless held that in a suit to foreclose, the
party who is chargeable with an implied promise of the
sort may be joined as a party defendant, and a decree
obtained against him for any deficiency that may exist
when the land is sold.   *Crawford v. Edwards* 33 Mich.
354; *Miller v. Thompson* 34 Mich. 10; *Higman v. Stew-
art* 38 Mich. 513.   But this is only by way of enforcing
an equity by subrogation.   *Hicks v. McGarry* 38 Mich.
667.   And if the party then made liable is compelled to
make payment, he is doubtless entitled to be subrogated

to collateral securities, if any, which the mortgagee may have held.

But in order to enable the mortgagee to enforce any such equity against the purchasers, it is necessary that the purchasers and the land ·mortgaged be within the same jurisdiction.    No personal decree can be made in one jurisdiction against parties not personally served or not submitting voluntarily by appearance.    *Lawrence v. Fellows* Walk. Ch. 468; *Outhwite v. Porter* 13 Mich. 533; *McEwan v. Zimmer* 38 Mich. 765.    There is therefore in this case, where the purchasers of the land reside in Michigan and the land is in Illinois, neither a direct liability of the purchasers to the defendant, nor a contingent liability, except such as depends upon the voluntary action of the purchasers themselves.    Whatever liability they may incur at some future time, when the incumbrances are foreclosed, by voluntarily going into the State of Illinois and submitting to the service of process there, none exists against them now, either presently or contingently, in this State.    It follows that the defendant has no claim against the funds in complainant's hands, which complainant would be at liberty to recognize.

This view leads to a dismissal of complainant's bill. He should have distributed the fund without regard to any claim made by defendant, and the decree of the court below will be affirmed with costs.    Nevertheless, as the case was one which fairly admitted of some doubt, and complainant has no doubt acted in good faith, it would be proper for him, in making up his own accounts, to credit himself with the costs he is compelled to pay to defendant, and with his own necessary expenditures in the suit.

MARSTON, C. J., and GRAVES, J., concurred.

CAMPBELL, J., did not sit in this case.