## GRANGER V. ROLL *et al.*

1. An order denying a new trial, made before judgment, is reviewable on an appeal from the judgment as an intermediate order, when the making of such order is assigned as error on the appeal from the judgment.

2. In such case, if an appeal be taken from the judgment, and the making of the order on a motion for a new trial is assigned as error, no appeal from the order is necessary; and if an appeal from the order is taken in connection with the appeal from the judgment, it will be considered as surplusage and disregarded.

3. The limitation of 60 days in which an appeal from an order may be taken, as provided by section 5216, Comp. Laws, has no application to an order denying a new trial made and determined before the entry of judgment, when an appeal is taken from the judgment, and the making of such order is assigned as error.

4. A grantee in a deed made of property previously mortgaged, subject to the mortgage, does not become personally liable for the mortgage debt, in the absence of an agreement on the part of such grantee to assume the payment of the mortgage.

5. Neither will the fact that the amount of the mortgage has been retained by the grantee out of the purchase price, in the absence of an agreement to pay the mortgage, render the grantee personally liable for the mortgage debt.

6. Neither will the fact that the full value of the property is expressed in the deed as the consideration of the purchase render the grantee personally liable for the mortgage debt, in the absence of an agreement on the part of the grantee to pay the mortgage debt.

7. To render the grantee of mortgaged property personally liable for such mortgage debt, it must be shown that such grantee has agreed to pay or has assumed the payment of the same.

8. A wife who joins with her husband in the execution of a note and mortgage is personally liable for the mortgage debt in connection with the

husband; and, upon foreclosure of the mortgage, the judgment may properly be rendered against both husband and wife.

(Syllabus by the Court.   Opinion filed April 13, 1895 )

Appeal from circuit court, Hand county.   Hon. H. G. FULLER, Judge.

Action to foreclose a mortgage, and for other relief.   From the judgment rendered, plaintiff appeals.   Affirmed.

The facts are stated in the opinion.

*John L. Pyle* and *J. H. Cole*, for appellant.

An agreement that the amount of a mortgage shall be a part of the purchase money is an assumption of the mortgage debt.   15 Am. and Eng. Ency. of Law 835; Tichenor v. Dodd, 4 N. J. 454; McMahan v. Stewart, 23 Ind. 590; Kennedy v. Brown, 61 Ala. 296; Heid v. Vreeland, 30 N. J. 591; Gerard v. Stewart, 86 Pa. St. 89; Smith v. Truston, 84 N. Y. 660; Thompson v. Thompson 4 Ohio St. 333; Ferns v. Crawford, 2 Denio 595; Ely v. McKnight, 30 How. Pr. 97; Russell v. Pristor, 7 N. Y. 171; Gilbert v. Averill, 15 Barb. 20; Lilly v. Palmer, 51 Ill. 331; Fish v. Dodge, 4 Denio 311; Tounsend v. Ward, 27 Conn. 610; Thayer v. Torrey, 37 N. J. L. 339; Jewett v. Draper, 6 Allen 434; Comstock v. Hitt, 37 Ill. 542; Braman v. Dowse, 12 Cush. 227; Twitshell v. Means, 8 Biss. 211; Gamsey v. Rogers, 47 N. Y. 233.   This agreement need not be in writing.   Merriman v. Moore, 90 Pa. St. 78; Bolles v. Beach, 22 N. J. L. 680; Putney v. Farnham, 27 Wis. 187; Lamb v. Tucker, 42 Iowa 118; Wright v. Briggs, 99 Ind. 563; Thomas v. Dickinson, 12 N. Y. 364; Conover v. Brown, 29 N. J. 510; Bowen v. Kurtz, 37 Iowa 239; Rockwell v. Bank, 47 N. W. 641; Carbett v. Waterman, 11 La. 86; Waters v. Hubbard, 44 Conn. 340; Sheppard v. May, 115 U. S. 505; Ashford v. Keller, 10 S. C. 494; Wiltsie on Mortgage foreclosures, 220; Indiana v. Haines, 25 N. E. 119.

*C. G. Hartley*, for respondent Austin D. Hill.

Contracts within the statute of frauds not reduced to writing are not illegal, but only incapable of being enforced against

a defendant without writing, an immunity which a defendant may waive. Cosand v. Bunker 50 N. W. 84. The failure to object to parole evidence of a contract, that the statute prescribes shall be in writing to be binding upon a party, is a waiver. McLaughlin v. Wheeler, 47 N. W. 316; Thompson v. McKee, 37 N. W. 867; Jungerman v. Bovee, 19 Cal. 355; Goldman v. Davis, 23 Cal. 256.

The facts constituting a cause of action must be stated in the complaint with sufficient clearness and fullness to enable the court to see that upon the facts stated the plaintiff is entitled to the relief demanded, or at least some relief. Aultman v. Sighlinger, 2 S. D. 442, 50 N. W. 911; Spepherd v. May, 115 U. S. 505. An agreement merely to take land, subject to a specified incumbrance, is not an agreement to assume and pay the incumbrance. Elliott v. Sacket, 108 U. S. 132; Belmont v. Coman, 22 N. Y. 438; Fisk v. Tolman, 125 Mass. 254; Hay v. Brownshall, 4 C. E. Green, 78; Fowler v. Foy, 62 Ill., 375; Cuculler v. Hermander, 103 U. S. 115; Rey v. Simpson, 22 Howard, 341; Spriggs v. Bank, 14 Pet. 201; Cox v. Railroad, 37 Ala. 323; Bangs v. Strong, 7 Hill, 250.

The grantee of land subject to a mortgage thereon is not personally liable to pay the same or any deficiency arising on a forec osure of the mortgage. Life v. Bostwick, 100 N. Y. 629; Johnson v. Monell, 13 Ia. 300; Collins v. Roe, 1st Abb. 97; Trotter v. Hughes, 12 N. Y. 74; Sehloy v. Frazer, 100 N. Y. 71; Gage v. Jenkinson, 58 Mich. 169; Johnson v. Zink, 51 N. Y. 333; Comstalk v. Hitt, 37 Ill. 542. A personal judgment cannot be rendered against a subsequent purchaser who has not assumed the payment of the mortgage, although in a foreclosure suit he answered that he is ready and willing to redeem and bring the money into court. Tonquay v. Felthousen, 45 Wis. 30; Fiske v. Tolman, 124 Mass. 254; Hubbard v. Ensign, 46 Conn. 576. Whenever the mortgage debt forms a part of the consideration of the purchase, although the purchaser has not entered into any covenants or agreement to pay it, he is

bound to the extent of the property to indemnify the grantor. Door v. Peters, 3 Edwards, 132; Marsh v. Pike, 1st Sandford's Chancery, 210; Ferris v. Crawford, 2 Denio 595; Warring v. Ward, 7 Vesey 322. Where the refusal of a request to find a fact amounts to a denial of the fact, an exception to the refusal will not be available to procure a reversal of the judgment unless the appellant shows not only that evidence was given proving the fact, but also that the evidence was uncontroverted. James v. Cowing, 82 N. Y. 449; Thompson v. Bank, 82 N. Y. 1; Andrews v. Raymond, 58 N. Y. 676; Steward v. Morss, 79 N. Y. 629.

CORSON, P. J. This was an action to foreclose a real-estate mortgage, and for a personal judgment against Austin D. Hill, a subsequent grantee of the premises, for any deficiency that might remain after a sale of the mortgaged premises. Judgment rendered in favor of Hill and Kate Roll, defendants, and the plaintiff appeals from the order denying a new trial, and from the judgment so far as it dismisses the action against Kate Roll, and denies the plaintiff a personal judgment against Austin D. Hill.

Counsel for respondents made a motion to dismiss the appeal from the order denying the new trial, upon the ground that the same was not taken within 60 days after notice of the order denying the motion was served upon counsel for appellant. It appears from the additional abstract served by respondents that the order denying a new trial was made on May 9, 1893, filed in the office of the clerk of the court on May 13th, and served on appellant May 20th. And it appears from the original abstract that the judgment was rendered May 19th, and that the notice of appeal from the judgment and the order denying a new trial was served on August 26th. It therefore appears that the appeal was not taken until more than 60 days after the order denying a new trial was made and notice served. But it further appears that the order denying the new trial was made before the rendition of the judgment.

Section 5216 of the Complied Laws provides as follows: "The appeal to the supreme court must be taken within 60 days after written notice of the order shall have been given to the party appealing; every other appeal allowed must be taken within two years after the judgment shall be perfected, by filing the judgment roll." By section 3039, Rev. St. Wis., an appeal is allowed from "any judgment or order" within two years. But by section 3042 it is provided that "the time within which an appeal may be taken directly from an order is further lim-ited to thirty days." Section 5236, subd. 3, provides that an appeal may be taken from an order "when it grants or refuses a new trial." And section 5237 provides as follows: "Upon an appeal from a judgment, as well as upon a writ of error, the supreme court may review any intermediate order or determination of the court below which involves the merits and necessarily affects the judgment, appearing upon the record transmitted or returned from the district court, whether the same was excepted to or not, * * *" The above section is copied from section 3070 of the Wisconsin statutes; but, by reason of the peculiar provision of the Wisconsin statute upon the subject of appeals from orders, as above noticed, the decisions of that state afford us but little aid. In a similar section in the Code of Civil Procedure of California (section 956), "a decision or order from which an appeal might have been taken" is excepted. Hence the decisions of the Californa courts furnish us but little light upon this question. This court held in Hawkins v. Hubbard, 2 S. D. 631, 51 N. W. 774, that, when the order denying a new trial was made after the rendition of the judgment an appeal from the order as such was required, but might be included in the notice of appeal from the judgment. An appeal from the order in such a case is necessary, for the reason that the order, being made after the rendition of the judgment, if erroneous, does not become error in the judgment, and the order can only be reviewed upon an appeal taken from the same. But, when the order is made and denied before judg-

ment is rendered, it becomes error in the judgment, and may be reviewed on appeal from the judgment, as an intermediate order involving the merits and necessarily affecting the judgment. This seems to be the view taken by the supreme court of Wisconsin, from which state our statute of appeals was mainly taken. Machine Co. v. Heller, 41 Wis. 657; Morris v. Niles, 67 Wis. 341, 30 N. W. 353; Machine Co. v. Gurnee, 38 Wis. 533.

It would seem, therefore, that in the case at bar there was no necessity for including, in the notice of appeal from the judgment, a notice of appeal from the order denying the new trial, the same having been made before the rendition of the judgment, and that the order may be reviewed on the appeal from the judgment alone. The notice of appeal from the order denying the new trial may therefore be treated as surplusage, and disregarded. Williams v. Williams (S. D.) 61 N. W. 38. And we are of the opinion that when the motion for a new trial is made and determined before the rendition of the judgment, and is therefore reviewable on the appeal from the judgment as an intermediate order, if the denial of the new trial is alleged as error, the 60 days limitation specified in section 5216 has no application, that limitation only applying to an appeal taken directly from the order. Whether or not the limitation applies when the order denying the motion for a new trial is made after judgment, and included in a notice of appeal from the judgment it is not necessary now to decide. The denial of the motion for a new trial is assigned as error in this case, and hence the evidence can be reviewed upon the appeal from the judgment if the record otherwise conforms to the statute and rules of the court.

Our conclusions are that the appeal from the order denying the new trial, not being required, should be treated as surplusage, and be disregarded. But a dismissal of the appeal would not be proper, as there is nothing that would be affected by such dismissal, as the order denying the new trial would, after such dismissal, still be before the court for review as an inter-

mediate order on the appeal from the judgment. The motion to dismiss the appeal from the order is therefore denied, without costs.

The facts, briefly stated, are as follows: That in April, 1887, John Roll and Kate Roll, his wife, made and executed to the plaintiff a mortgage on certain real estate in the town of Miller, Hand county, to secure the payment of $3,000. Subsequently said Roll and wife executed a mortgage on the same real estate to Austin D. Hill, to secure about $2,000. In November, 1888, the said Roll and wife conveyed the said premises to said Hill, by warranty deed, in which the consideration expressed was $6,000, and he discharged his mortgage of record, and paid interest on plaintiff's note and mortgage up to 1891, and also taxes. Upon the subject of consideration for the conveyance to Hill, the court finds: "Eighth. That the said deed was made subject to the mortgage held by the plaintiff on said premises, but that the said deed did not in any manner specify that the mortgage was a part of the consideration for said deed, nor did the said deed in any manner specify that the defendant Hill agreed or assumed to pay plaintiff's mortgage. Ninth. That the only consideration for the deed from the defendant Roll to Hill was the amount owing from the said John L. Roll to Hill, secured by the second mortgage on said premises. Tenth. That it was understood and agreed by and between the said Roll and the said Hill that the said Hill in no wise assumed the payment of the plaintiff's mortgage, and that plaintiff's mortgage was not a part of the consideration for said deed." "Sixteenth. That the defendant Hill did not at the time he purchased the said premises, nor at any time before, agree to assume, or did assume, the payment of the plaintiff's note and mortgage." On the trial the counsel for plaintiff objected to any evidence upon the part of said Hill, on the ground that by his answer he admits that the $3,000 mortgage was part of the consideration to be paid by him for said property. This objection was overruled, and the evidence admitted, and excep-

tion taken.    The allegation in the complaint claimed to be admitted is as follows:    ''And plaintiff further states, on information and belief, that defendants John L. Roll and Kate Roll did on or about the 12th day of November, 1888, and subsequent to the execution of plaintiff's said mortgage, grant, bargain and convey, by deed of full warranty, excepting and subject only to plaintiff's said mortgage, all of their right, title and interest in and to said real estate to the defendant A. D. Hill.    *    *    * Plaintiff also alleges, on information and belief, that at said time and subsequently, said defendant A. D. Hill agreed to assume and pay, and did assume, said notes and mortgage to plaintiff as part of the purchase price of said real estate.''    The answer of defendant Hill is as follows:    "Now comes the defendant A. D. Hill, and for his answer to the complaint herein says that he admits all of the allegations in said complaint, except paragraph 3, and as to said paragraph 3 he admits that he purchased the premises mentioned in the complaint, and denies that at or prior to or after the time he purchased said premises he in any manner agreed to pay or assumed the mortgage belonging to the plaintiff, and denies that he in any manner agreed to pay it or assumed it at any time, and further says that it was never mentioned to this defendant that he had so agreed till the time this suit was begun.''

The point made by the counsel seems to be this:    The allegation in the complaint is that ''defendant A. D. Hill agreed to assume and pay, and did assume, said notes and mortgage to plaintiff, as part of the purchase price of said real estate,'' and that the defendant Hill did not deny the last clause, ''as purchase price of said real estate.''    But it is not alleged as an independant fact that the amount of the notes and mortgage was a part of the purchase price, but simply that Hill agreed to assume and pay said notes and mortgage, ''as purchase price,'' etc.    When Hill, therefore, denied that he agreed to assume or pay, or did assume, the notes and mortgage, he denied all the material allegations of the paragraph not admitted.    To have

denied that he agreed to assume or pay, or did assume, etc., "as purchase price," etc., would have been clearly objectionable, and possibly have been an admission that he did agree to assume and pay the mortgage, but not as the purchase price. We are of the opinion that the denial was a proper one, and admitted nothing material in the allegation in the complaint. The court, therefore, in our opinion, properly overruled the appellant's objection to the evidence on the part of the defendant Hill.

It is assigned as error that the findings are against the weight of the evidence; but, from a careful review of the same, we are of the opinion that there is not such a preponderance of evidence, if indeed any, against the findings, that this court would be warranted in disturbing them. The evidence of Roll and Hill is in direct conflict, and the evidence corroborating Roll is too slight to attach much importance to it. It is the evidence of Mr. Waters, and is as follows: "Mr. Hill came into my place of business. He says: 'I want to pay the interest on the Roll mortgage.' I asked him how that came. He says: 'I have taken the property, and have got to pay the mortgage.' I asked him, I made the remark, I says: 'That makes Mr. Granger sure of his money.' And he says: 'Yes, I suppose so.'" Mr. Hill admits that he had the conversation with Mr. Waters, and that his statement of it was substantially correct. But he says he then "supposed the property would pay Mr. Granger out." We can hardly infer from the language used in this passing remark that Mr. Hill intended to say to Mr. Waters that, if the property proved to be insufficient to pay the Granger mortgage, he had agreed to pay the balance. As was said by Mr. Justice WOODS in Shepard v. May, 115 U. S. 505, 6 Sup. Ct. 119: "As he had bought the property subject to the incumbrance, * * * he might well say that he had the incumbrance to pay, without admitting or meaning that he had become personally liable" to Granger to pay it. Nor is the circumstance that he paid interest, insurance and taxes of much

weight. He had surrendered his own mortgage and to that extent he was interested in saving what he could out of the property, in order to reimburse himself to the amount so advanced. As opposed to this evidence, corroborating Mr. Roll, is the evidence of Mr. O. S. Fulton, corroborating Mr. Hill. He states that he was present at a conversation between Mr. Roll and Mr. Hill in regard to the sale, and that in that conversation Mr. Roll insisted that Mr. Hill should assume the Granger mortgage, but that Mr. Hill objected to assuming the mortgage, and Mr. Roll said he would agree with Mr. Hill that he was not to assume it. Mr. Fulton does not pretend to give the exact language used, only the substance; but he could hardly have been mistaken as to the effect of the conversation. It will thus be seen that the findings of the court are fully sustained by the evidence of Mr. Hill, corroborated by the evidence of Mr. Fulton; and, though opposed to the evidence of Mr. Roll, corroborated to some extent by Mr. Waters, there is no such preponderance either way as would justify this court in disturbing the findings.

The learned counsel for the appellant further contends that the fact that $6,000 was expressed as the consideration in the deed from Roll and wife to Hill, as found by the court, was sufficient to entitle the plaintiff to a personal jugdment against Hill as a matter of law, as it clearly shows that the amount of the mortgage constituted a part of the purchase money. We are unable to agree with counsel in this contention. The mere fact that the $3,000 mortgage was included as a part of the consideration for the conveyance is not itself sufficient to raise a personal promise to pay the mortgage. The law imposes no personal liability, unless the parties have declared it in language sufficient to express that meaning. The unqualified statement relied on by counsel for appellant in 15 Am. & Eng. Enc. Law, that "an agreement that the amount of the mortgage shall be a part of the purchase money is an assumption of the mortgage debt," cannot be intended to mean that the grantee

becomes personally liable for the payment of the mortgage debt. Assumption of the debt, as there used, evidently means assumption of the debt to the extent of the value of the property mortgaged. This is clearly evident from an examination of the authorities cited in support of the proposition. To illustrate, in the case of Russell v. Pistor, 7 N. Y. 171, cited as an authority, the court says: "It is a general principle that where the owner of land mortgages it to secure the payment of a debt, and afterwards sells the equity of redemption, subject to the lien of the mortgage, and the purchaser assumes the payment of the mortgage as a part of the purchase money, the latter becomes personally liable, etc.; * * * and where a mortgagor sells and conveys the equity of redemption of a part of the premises mortgaged subject to the mortgage, and the purchaser retains enough of the purchase money to satisfy the mortgage and agrees to pay it, the same rule prevails, and the premises so sold are primarily chargeable with the payment of the mortgage." In that case there was in the deed the following covenant: "Subject, nevertheless, to a certain mortgage, * * * which the said party of the second part agrees and undertakes to pay, he having retained so much of the purchase money agreed to be paid for the premises * * * in his own hands for that purpose." Again, in Trust Co. v. Stewart, 86 Pa. St. 91, cited in support of the proposition, the court says: "The criterion of personal liability for an incumbrance to which property is subjected appears to be the consent or contract of the purchaser to be bound for it, when the debt forms a part of the price or consideration he is to pay for the incumbered property. His undertaking to pay the incumbrance is a contract with his vendor." It would be difficult to draw from this language the conclusion that the mere fact that the mortgage was a part of the purchase price rendered the grantee personally liable. In Lilly v. Palmer, 51 Ill. 331, the head note reads: "When a mortgagor sells a part of mortgaged premises, the purchaser assuming the payment of the mortgage as a part of the purchase

money, the land purchased is in his hands the primary fund for
the payment of the mortgage." In Kennedy v. Brown, 61 Ala.
296, Brickell, C. J., commences his opinion with the following
proposition: "It is an undisputed fact that the Moores ex-
pressly assumed and promised to pay the amount of the mort-
gage debt due to the appelee, for Delaney and wife, as a part
of the purchase money of the premises." In Jewett v. Draper,
6 Allen, 434, the head note is: "If, in a deed of land, it is pro-
vided that the grantee shall assume and pay a certain debt,
* * * the burden of proof is on the latter [the grantee] to
show that he has performed his duty." The headnote in
Thayer v. Torrey, 37 N. J. Law, 339, is as follows: "When the
amount of the mortgage is by contract to be paid as part of the
purchase money, it is an assumption of payment between the
grantor and grantee, and not merely a taking subject to the
mortgage." The case of Heid v. Vreeland, 30 N. J. Eq. 592,
comes nearer supporting the statement make in the text; but
the vice chancellor, in deciding the case, admits that it is in
conflict with the decisions of the court of appeals of New York.

We have not attempted a review of all of the cases cited in
support of the proposition, but have only referred to such lead-
ing cases as would illustrate what in our view is the true rule;
namely, that an agreement that the amount of the mortgage
shall be a part of the purchase money, and an agreement to pay
it, is an assumption of the mortgage debt, that will render the
grantee personally liable. Mr. Jones, in his work on Mort-
gages, states the rule as follows: "A deed which is merely
made subject to a mortgage specified does not alone render the
grantee personally liable for the mortgage debt. To create
such liability, there must be such words as will clearly import
that the grantee assumed the obligation of paying the debt. It
is not necessary that any particular formal words should be
used, but that the intention to impose upon the grantee this ob-
ligation should clearly appear. The intention will be sought
from the whole instrument, and any inconsistent part will be

rejected or modified according to the intent of the whole." Jones, Mortg. (5th Ed.) sec. 748. See, also, cases there cited.

The case of Belmont v. Coman, 22 N. Y. 438, is very similar to the case at bar, except that the deed in that case contained the clause: "Which sum [amount of the mortgage], it is further declared, has been estimated as a part of the consideration money, and deducted therefrom." This case is referred to as a leading case, and cited with approval, by the supreme court of the United States in Shepard v. May, 115 U. S. 505, 6 Sup. Ct. 119; and substantially reaffirmed by the court of appeals of New York in Society v. Bostwick, 100 N. Y. 628, 3 N. E. 296; and we therefore quote largely from the opinion. Mr. Justice COMSTOCK, speaking for the court, says: "The consideration expressed in the introductory part of the deed is stated to be $12,000. In the *habendum* clause, the conveyance is declared, in substance, to be subject to the sum of $8,500, secured by certain prior mortgages given by the grantor, which sum, it is further declared, has been estimated as a part of the consideration money, and deducted therefrom. The grantor was personably liable upon his bonds for the amount of these mortgages, and his deed contained the usual covenants. The question upon these facts is whether the grantee became personally bound to pay the debts thus charged upon the land. The authorities do not furnish any guide which is entirely satisfactory in the solution of this question. The cases all agree that the purchaser of a mere equity of redemption, without any words in the grant importing that he assumes the payment of the mortgage, does not bind himself personally to pay the debt. It is quite clear that in such a case there is no implied promise or covenant, by which is meant that the law does not raise an obligation where none is in terms expressed. On the other hand, it needs no authority to prove that if, in the conveyance, there are words importing that the grantee will pay the debt, he is deemed to have entered into an express undertaking to do so, although he does not sign or seal the instrument. The ac-

ceptance of a deed containing such language is evidence of the most satisfactory kind that he has promised to do what the deed says he is to do. And precise and formal words are unnecessary. As in all other cases of contract, the inquiry is, what was the intention of the parties? We are to seek for that intention in this case, keeping in mind that there is no rule of law which imposes the liability in question unless the parties have declared it in words appropriate or sufficient to express that meaning. I attach but little importance to the consideration clause of this deed. Twelve thousand dollars was the value of the premises agreed on. Whether it was all to be paid down, or part was to remain as a prior charge on the land, with or without personal obligation on the part of the purchaser to pay it, the more usual practice in conveyancing would be to state the whole sum as the consideration of the purchase. If this is not more usual, it is, at least, a practice so very frequent and so indiscriminate that no inference favorable to the creation of a personal liability can be drawn from its adoption in the example now before us. The consideration clause is not untrue, according to any interpretation of the deed. We may call the purchase money $12,-000, and yet, quite consistently with that, the parties may have perfectly understood and intended that only a portion of the sum was to be paid in money by the grantee, while the residue was to be paid out of the land, and only in that manner, unless the purchaser should voluntarily redeem his estate from the charge of it. Looking, then, at the *habendum* clause, I cannot satisfy myself that it has the meaning claimed for it by the appellant. The deed, as before observed, contains full covenants. These would compel the grantor himself to take care of the mortgages, unless they are qualified by other language declaratory of a contrary intention. To qualify these covenants, I think, was the primary purpose of the clause in question; and that purpose is sufficient to account for the language in which it is expressed. It states that the deed is subject to the mort-

gages, the sum of which has been estimated as a part of the purchase money, and deducted therefrom.    If the language had stopped with declaring the subjection of the land to the lien of the mortgages, it would have been the ordinary case of the purchase of a mere equity of redemption.    According to all the cases, the land would have been the primary fund for the payment of the mortgages, yet without other liability on the part of the grantee.    But the other words, it seems to me, import nothing additional or different.    On the contrary, they appear to be used for greater caution.    They declare that the amount of the mortgages has been deducted from the consideration which had been previously set forth.    The apparent meaning of this is that so much of the purchase money as the mortgages amount to, being deducted, is not to be paid, except as it is charged upon the premises.    It is one of the matters of fact found at the trial that the parties thus understood each other.    This is no reason for a misinterpretation of the written language they used, but I am glad to believe that they did not disappoint their own intentions.    The order appealed from must be affirmed, and judgment absolute rendered for the respondent."    Mr. Justice COMSTOCK has in this opinion stated the law upon the subject, as we understand it, so clearly and fully that it would be difficult to add anything that would strengthen his decision.

The case of Shepard v. May, *supra*, was also quite similar to the case at bar; and in that case Mr. Justice WOODS, speaking for the court says:    "To raise such a liability as is contended for by Shepherd, there must be words in the deed of conveyance from which, by fair import, an agreement to pay the debt can be inferred.    This was expressly held in Elliott v. Sackett, 108 U.S. 132, 2 Sup. Ct. 375, were Mr. Justice BLATCHFORD, in delivering the judgment of the court, said:    'An agreement merely to take land, subject to a specified incumbrance, is not an agreement to assume and pay the imcumbrance.    The

grantee of an equity of redemption, without words in the grant importing in some form that he assumes the payment, does not bind himself personally to pay the debt. There must be words importing that he will pay the debt to make him personally liable.' " Fiske v. Tolman, 124 Mass. 254; Fowler v. Fay, 62 Ill. 375; Hubbard v. Ensign, 46 Conn. 576; Johnson v. Monell, 13 Iowa, 300; Gage v. Jenkinson, 58 Mich. 169, 24 N. W. 815; Mason v. Barnard, 36 Mo. 384; Schley v. Fryer, 100 N. Y. 71; 2 N. E. 280; Johnson v. Zink, 51 N. Y. 333.

The judgment of the court below was, in our opinion, correct in so far as it rendered a personal judgment against Roll, and not against Hill. The judgment, however, is erroneous in dismissing the action as to Mrs. Roll. She, being a party to the note and mortgage, was personally liable with her husband upon the same, and the judgment should have been against her. Mortgage Co. v. Bradley (S. D.) 55 N. W. 1108. It seems hardly necessary to reverse the judgment for the error in dismissing the action as to her. The judgment must be modified by inserting the name of Kate Roll after that of John L. Roll in the third conclusion of law, and adding her name after that of John L. Roll in the judgment. The judgment, when modified as directed, is affirmed, without costs to either party.

FULLER, J., took no part in this decision.